Wardlaw, J.
delivered the opinion of the Court.
The decree in each case is for $ 10; and no discount is found in the proceedings. If nothing more appeared, the decrees would be unavailing for the plaintiff, for they would serve only to shew that his demand was below the jurisdiction of the Court, as the verdict in the case of Owens v. Curry (just decided) served no other purpose.
It is however stated in the report that the defence was unsoundness of the horse for which the note sued on was given, and the decrees shew that a partial failure of the consideration must have been established by the proof, if the plaintiff’s note was proved. The case has been argued in this Court with a full admission that the plaintiff's note was proved, and that the defence was as has been stated; and it has been contended that from all this no inference arises that the existence of a discount must have been presumed by the Judge who rendered the decrees, because a defence shewing partial failure of the consideration is not a discount or cross action, but is (without notice of discount) proper by way of recoupment or reclamation; and because there could not properly have been discounts in both cases, if there could have been in either.
However, the case of Parker v. Pringle, recognizing our practice as laid down in Farrow v. Mays, shews that in all cases where the contract of sale is not at an end (and it never is so where the purchaser retains the article sold and complains of only partial failure of the consideration by breach of the warranty,) an abatement of the price for deficiency of the article can be had only by way of discount or cross action. Such a cross action arising from the contract which formed the consideration of a joint and several note signed by principal and surety, may be urged by either of them when sued separately on the note, or by both when sued jointly :— for according to the form in which the plaintiff sues, will either or both of them appear to be tlie party with whom he contracted.
The decree for $10 could not then have been rendered unless the plaintiff’s demand had been reduced below $20 by a discount. The case of Smith v. Masters shews that a plaintiff, whose demand, shewn to have been properly within the jurisdiction of the Court, has been reduced by discount, is entitled to have his costs with any sum he may recover, however small.
The motion is dismissed.'
Richardson, J. — Evans, J. — and Frost, J. — concurred.